**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISON**

| | |
|---|---|
| UNITEDHEALTHCARE BENEFITS OF TEXAS, INC., et al., <br><br> *Plaintiffs,* <br><br> v. <br><br> CENTERS FOR MEDICARE & MEDICAID SERVICES, et al., <br><br><br> *Defendants.* | Civil Action No. 6:24-cv-00357-JDK |

**JOINT MOTION FOR EXPEDITED SUMMARY JUDGMENT BRIEFING SCHEDULE**

Pursuant to Fed. R. Civ. P. 7(b) and Local Rule CV-7, Plaintiffs and Defendants jointly move to establish an expedited summary judgment briefing schedule as described below:

1.      Plaintiffs are health insurance plans that have filed this action to challenge an evaluation and rating of their performance by the federal agency that regulates them—Defendant Centers for Medicare & Medicaid Services ("CMS").  Plaintiffs maintain that CMS arbitrarily and capriciously underrated their Medicare Advantage plans.  Plaintiffs further maintain that the CMS ratings decision threatens imminent and substantial harm to them, because CMS will make the rating public on or before October 15, 2024.  October 15 is the date that millions of customers will begin to decide which Medicare health insurance plans to enroll in for 2025, in reliance upon the CMS ratings.  Plaintiffs maintain that CMS's rating decision is an arbitrary and capricious final agency action and filed this action on September 30, 2024, asserting claims under the Administrative Procedure Act ("APA").

2.      Courts generally resolve APA cases through dispositive motions.   Under the circumstances of this case, the Parties agree that (1) the merits should be decided on cross-motions for summary judgment and (2) review should be based upon the administrative record unless limited exceptions apply.  *See, e.g.*, *Cypress Home Care Inc. v. Azar*, 326 F. Supp. 3d 307, 312 (E.D. Tex. 2018) ("Summary judgment is the preferred procedural mechanism for resolving appeals of final agency decisions." ((citing *Girling Health Care, Inc. v. Shalala*, 85 F.3d 211, 214 (5th Cir. 1996)); *Medina Cnty. Envt'l Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010) (explaining that under 5 U.S.C. § 706, APA review is presumptively "limited to the record compiled by the agency").

3.      Plaintiffs maintain that time is of the essence, because the annual enrollment period that opens on October 15 will end on December 7, 2024.  Plaintiffs respectfully request the Court to set a summary judgment briefing schedule that will allow the Court to rule on the merits by the end of November 2024, before the end of the annual enrollment period.  Defendants are willing to consent to Plaintiffs' request in this regard, if acceptable to this Court.

4.      Therefore, the Parties respectfully request that the Court establish the following agreed-upon schedule for summary judgment briefing:

     a.  Defendants serve the Administrative Record on Plaintiffs' counsel: October 8, 2024.

     b.  Plaintiffs' Motion for Summary Judgment and supporting Memorandum: October 15, 2024.

     c.  Defendants' consolidated Cross-Motion for Summary Judgment (and supporting Memorandum) and Opposition to Plaintiffs' Motion for Summary Judgment: October 30, 2024.

d.  Plaintiffs' consolidated Opposition to Defendants' Cross-Motion for Summary Judgment and Reply in Support of Motion for Summary Judgment: November 7, 2024.

e.  Defendants' Reply in Support of Cross-Motion for Summary Judgment: November 14, 2024.

f.  Oral Argument: Plaintiffs respectfully request the Court to set oral argument for the week of November 18, 2024, and Defendants do not object.

5.    In order to facilitate efficient resolution of this case, the Parties agree that Plaintiffs' Motion for Summary Judgment and supporting Memorandum will be limited to 25 pages, and Defendants' consolidated Cross-Motion for Summary Judgment (and Supporting Memorandum) and Opposition to Plaintiffs' Motion for Summary Judgment will be limited to 25 pages.  The Parties further agree that if Defendants' Cross-Motion does not raise procedural defenses distinct from the merits, a 10-page limit will apply both to Plaintiffs' consolidated Opposition to Cross-Motion for Summary Judgment and Reply and to Defendants' Reply.  The Parties further agree that if Defendants' Cross-Motion does raise such procedural defenses, a 15-page limit will apply both to Plaintiffs' consolidated Opposition to Cross-Motion for Summary Judgment and Reply and to Defendants' Reply.

6.    To avoid unnecessary sealing motion practice, particularly related to information that will become public over the course of briefing, the Parties request that the Court grant them authority to file all briefs (and any administrative record materials) provisionally under seal and to submit redacted public filings, as well as motions to file under seal—if any—within 7 days of briefing being completed.  In so doing, the parties will seek to reach agreement on any sealing matters to narrow requests for sealing as much as possible.

7.      The Parties further respectfully request that Defendants' deadline under Fed. R. Civ. P. 12(a)(2) to respond to Plaintiffs' Complaint be stayed pending the Court's ruling on the Parties' cross-motions for summary judgment.

8.      There is good cause to grant the relief requested herein because the Parties' joint proposal will conserve both the Court's and the Parties' resources.

WHEREFORE, for the reasons set forth above, the Parties respectfully request this Court to set the expedited briefing schedule detailed above, including oral argument as requested.

Respectfully submitted,

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

/s/ James G. Gillingham
JAMES G. GILLINGHAM
Assistant United States Attorney
Texas State Bar No. 24065295
james.gillingham@usdoj.gov
110 N. College, Suite 700
Tyler, TX  75702
Tel: (903) 590-1400
Fax: (903) 590-1436

Counsel for Defendants

        /s/ Daniel G. Jarcho
Daniel G. Jarcho (D.C. Bar #391837)
Kelley C. Barnaby (D.C. Bar #998757)
Christopher J. Frisina (D.C. Bar #1033185)
daniel.jarcho@alston.com
kelley.barnaby@alston.com
christopher.frisina@alston.com
ALSTON & BIRD LLP
950 F Street, N.W.
Washington, DC  20004
Telephone: (202) 239-3300
Facsimile: (202) 239-3333

Jared M. Slade
Texas State Bar No. 24060618
jared.slade@alston.com
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 2300
Dallas, Texas 75201
Telephone: 214-922-3400
Facsimile: 214-922-3899

Counsel for Plaintiffs

4

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7, counsel have complied with the meet and confer requirements of Local Rule CV-7(h).  This joint motion is unopposed.

*/s/ Daniel G. Jarcho*
Daniel G. Jarcho

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISON**

| | |
|---|---|
| UNITEDHEALTHCARE BENEFITS OF TEXAS, INC., et al.,<br><br>        *Plaintiffs,*<br><br>    v.<br><br>CENTERS FOR MEDICARE & MEDICAID SERVICES, et al.,<br><br><br>        *Defendants.* | Civil Action No. 6:24-cv-00357-JDK |

**[PROPOSED] ORDER GRANTING THE PARTIES' JOINT MOTION FOR EXPEDITED SUMMARY JUDGMENT BRIEFING SCHEDULE**

Before the Court is the parties' joint motion to set an expedited summary judgment briefing schedule for this case. Having fully considered the motion, the Court is of the opinion that the motion should be **GRANTED**. It is therefore

**ORDERED** that the briefing schedule for summary judgment in this matter is as follows:

1. Defendants produce Administrative Record: October 8, 2024.

2. Plaintiffs' Motion for Summary Judgment and supporting Memorandum: October 15, 2024.

3. Defendants' consolidated Cross-Motion for Summary Judgment (and supporting Memorandum) and Opposition to Plaintiffs' Motion for Summary Judgment: October 30, 2024.

4. Plaintiffs' consolidated Opposition to Defendants' Cross-Motion for Summary Judgment and Reply in Support of Motion for Summary Judgment: November 7, 2024.

5.   Defendants' Reply in Support of Cross-Motion for Summary Judgment: November 14, 2024.

Plaintiffs' Motion for Summary Judgment and supporting Memorandum will be limited to 25 pages.   Defendants' consolidated Cross-Motion for Summary Judgment (and Supporting Memorandum) and Opposition to Plaintiffs' Motion for Summary Judgment will be limited to 25 pages.  If Defendants' Cross-Motion does not raise procedural defenses distinct from the merits, a 10-page limit will apply both to Plaintiffs' consolidated Opposition to Cross-Motion for Summary Judgment and Reply and to Defendants' Reply.  If Defendants' Cross-Motion does raise such procedural defenses, a 15-page limit will apply both to Plaintiffs' consolidated Opposition to Cross-Motion for Summary Judgment and Reply and to Defendants' Reply.

Defendants' obligation to answer the Complaint is stayed pending the resolution of the Parties' cross-motions for summary judgment.

The Parties shall file all briefs (and any administrative record materials) provisionally under seal and submit redacted public filings, as well as motions to file under seal—if any—within 7 days of briefing being completed.  The Parties shall seek to reach agreement on any sealing matters to narrow requests for sealing as much as possible.

The Court shall hold oral argument on Parties' cross motions at _____ on the _____ day of November, 2024.

_____
Hon. Jeremy D. Kernodle
U.S. District Court Judge