**FILED UNDER SEAL**

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISON**

| | |
|---|---|
| UNITEDHEALTHCARE BENEFITS OF TEXAS, INC., et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>CENTERS FOR MEDICARE & MEDICAID SERVICES, et al.,<br><br>*Defendants.* | Civil Action No. 6:24-cv-00357-JDK |

**OPPOSED MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD[1]**

Pursuant to Local Civil Rule 7.1, Plaintiffs respectfully move this Court to permit Plaintiffs to supplement the Administrative Record. Defendant Centers for Medicare & Medicaid Services (CMS) has produced the Administrative Record to Plaintiffs and certified that it is a "complete copy of documents and information CMS considered in connection with the decision at issue in this litigation." (AR Certification.) This motion relates to a small set of documents that CMS did not consider but (in Plaintiffs' view) *should have* considered. Limiting the Court's adjudication to evidence the agency actually considered undermines the Court's ability to adjudicate whether the agency should have considered other evidence. The Court should authorize Plaintiffs to supplement the Administrative Record with these documents in accordance with a well-established exception to the ordinary rule limiting adjudication to the Administrative Record in a case under the Administrative Procedure Act.

---

[1] The Court has granted permission to file under seal.

## BACKGROUND

Plaintiffs are health insurance plans that have filed this action to challenge an evaluation and rating of their performance by the federal agency that regulates them—CMS. The specific evaluation addressed a performance measure under which CMS evaluated Plaintiffs' customer service call center for prospective customers. During that evaluation, an outside contractor for CMS (known as the American Institute for Research (AIM)) made anonymous test calls to health plans and evaluated their responses.

Two of Plaintiffs' claims are pertinent to this motion. First, Plaintiffs claim that CMS arbitrarily and capriciously underrated their Medicare Advantage plans (on the call-center performance measure) in violation of the agency's own decision-making criteria. The Administrative Record does not include a document that sets forth the criteria the outside contractor (AIM) must follow during the test calls: the American Institute for Research, Survey II Accuracy & Accessibility Study Interviewer Training Manual – CMS Call Center Monitoring (January 2023). Plaintiffs move the Court to allow them to supplement the Administrative Record with this document, because it is directly relevant to the foregoing claim.

In the second claim at issue, Plaintiffs maintain that CMS treated their call center less favorably than the call center of the similarly-situated health insurer Elevance Health, Inc. Count II of Plaintiffs' Complaint refers expressly to a CMS reconsideration decision that accorded Elevance this favorable treatment. Complaint ¶¶63-65. The decision is not in the public record, although Elevance has described its essentials in public litigation filings.[2] Plaintiffs move the

---

[2] Elevance referenced the Reconsideration Determination in its December 29, 2023, Complaint against Defendants. *See*, Complaint, *Elevance Health, Inc. v. Becerra*, D.D.C. No. 1:23-cv-03902, ¶ 77 (Dec. 29, 2023).

Court to allow them to supplement the Administrative Record with the agency's actual decision document in the Elevance matter: CMS's February 22, 2024, Reconsideration Determination(s) regarding Elevance Health Inc.'s contract numbers H2593, H40356, H5431, and R4487.

## **ARGUMENT**

**The Court Should Supplement the Administrative Record Because the Pertinent Records Provide Background Information Relevant to Plaintiffs' Claims That Defendants Violated Their Own Decision-making Standards and Treated Plaintiffs Differently Than Other Health Plans**

This case satisfies the circumstances in which supplementing the administrative record is necessary and appropriate. Plaintiffs are permitted to supplement the administrative record only in "unusual circumstances justifying a departure from the general presumption that review is limited to the record compiled by the agency." *Onpath Fed. Credit Union v. U.S. Dep't of Treasury*, 73 F.4th 291, 299 (5th Cir. 2023) (internal punctuation omitted) (quoting *Medina Cnty. Envtl. Action v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010)); *see also Am. Wildlands v. Kempthorne*. 530 F.3d 991, 1002 (D.C. Cir. 2008). The Fifth Circuit recognizes three situations in which to grant this relief:

> (1) the agency deliberately or negligently excluded documents that may have been adverse to its decision, . . .
>
> (2) the district court needed to supplement the record with "background information" in order to determine whether the agency considered all of the relevant factors, or
>
> (3) the agency failed to explain administrative action so as to frustrate judicial review.

*Medina*, 602 F.3d at 706 (quoting *Kempthorne*, 530 F.3d at 1002).

This request falls under the second scenario. In this situation, courts recognize "that whether an agency considered all the relevant factors," as required by the APA, "'can sometimes only be determined by looking outside the record to see what the agency may have ignored.'" *Tex. Bankers Ass'n v. Consumer Fin. Prot. Bureau*, No. 7:23-cv-144, 2024 U.S. Dist. LEXIS 152401, at *10-11 (S.D. Tex. Aug. 26, 2024) (quoting *City of Dallas v. Hall*, No. 3:07-cv-00060, 2007 U.S. Dist. LEXIS 82080, at *16 (N.D. Tex. Oct. 29, 2007)). This situation can also is satisfied where, as here, the extra-record information will show that the agency "was not following its own standard review procedures or treating 'like cases alike.'" *Vapor Train 2 LLC v. U.S. Food & Drug Admin.*, No. 6:22-cv-00429, 2024 U.S. Dist. LEXIS 103750, at *2 (E.D. Tex. June 4, 2024) (permitting plaintiff to supplement the administrative record to demonstrate, in part, disparate treatment between similarly situated industry participants) (quoting *Univ. of Tex. M.D. Anderson Cancer Ctr. v. HHS*, 985 F.3d 472, 479 (5th Cir. 2021)).

The background information Plaintiffs propose to include demonstrates Defendants failure to consider all the relevant factors in deciding whether to downgrade Plaintiffs' Medicare Advantage plans. Specifically, Defendant did not consider that (1) Plaintiffs were similarly situated to other industry participants facing similar decisions (e.g., Elevance), (2) they ruled differently in Elevance's case despite the distinct similarities between the cases and Defendants' inability to accurately assign blame, and (3) Defendants' own "secret shopper" failed to follow the detailed procedures to ensure the accuracy of their determination.

## CONCLUSION

The circumstances permitting supplementation of the Administrative Record are met here. Therefore, for the reasons set forth above, Plaintiffs respectfully request this Court permit Plaintiffs to supplement the Administrative Record with (1) the American Institute for Research, Survey II

Accuracy & Accessibility Study Interviewer Training Manual – CMS Call Center Monitoring (January 2023) and (2) CMS's February 22, 2024, Reconsideration Determination(s) regarding Elevance Health Inc.'s contract numbers H2593, H40356, H5431, and R4487.

> Respectfully submitted,
>
>   /s/ *Daniel G. Jarcho*
> Daniel G. Jarcho (D.C. Bar #391837)
> Kelley C. Barnaby (D.C. Bar #998757)
> Christopher J. Frisina (D.C. Bar #1033185)
> daniel.jarcho@alston.com
> kelley.barnaby@alston.com
> christopher.frisina@alston.com
> ALSTON & BIRD LLP
> 950 F Street, N.W.
> Washington, DC  20004
> Telephone: (202) 239-3300
> Facsimile: (202) 239-3333
>
> Jared M. Slade
> Texas State Bar No. 24060618
> jared.slade@alston.com
> ALSTON & BIRD LLP
> 2200 Ross Avenue, Suite 2300
> Dallas, Texas 75201
> Telephone: 214-922-3400
> Facsimile: 214-922-3899
>
> *Counsel for Plaintiffs*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7, counsel have complied with the meet and confer requirements of Local Rule CV-7(h). Undersigned counsel met with Defendants' counsel – James Gillingham and Matthew Campbell – on October 9, 2024, via Microsoft Teams to discuss this motion and other matters. Defendants indicated they would oppose any motion to supplement the record as they do not see the Elevance situation and decision as similar to Plaintiffs' situation. Defendants' counsel confirmed their opposition via email on October 15, 2024. The parties have conclusively ended their discussions at an impasse, leaving an open issue for the court to resolve.

                                            */s/ Daniel G. Jarcho*
                                            Daniel G. Jarcho

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Supplement the Administrative Record has been served via electronic mail this 15th day of October, 2024 to:

JAMES G. GILLINGHAM
Assistant United States Attorney
Texas State Bar No. 24065295
james.gillingham@usdoj.gov
110 N. College, Suite 700
Tyler, TX 75702
Tel: (903) 590-1400
Fax: (903) 590-1436

*Counsel for Defendants*

                                                  */s/ Daniel G. Jarcho*
                                                  Daniel G. Jarcho