IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITEDHEALTHCARE BENEFITS OF TEXAS, INC., et al.,<br><br>　　　　*Plaintiffs,*<br><br>　　v.<br><br>CENTERS FOR MEDICARE & MEDICAID SERVICES, et al.,<br><br>　　　　*Defendants.* | Civil Action No. 6:24-cv-00357-JDK |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

　　Plaintiffs seek to supplement the administrative record in this case with two documents: an excerpt from a test caller interviewer training manual and the decision from an unrelated administrative appeal by another health insurance company, Elevance Health Inc. Plaintiffs have not shown that they meet the limited exceptions to the Supreme Court's decades old maxim that review under the Administrative Procedure Act is "based on the full administrative record that was before the Secretary at the time he made his decision." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971). Accordingly, this Court should deny Plaintiffs' motion to supplement.

**BACKGROUND**

　　On September 30, 2024, Plaintiffs, seven health insurance companies that provide Medicare Advantage plans to Medicare beneficiaries, filed this lawsuit challenging their ratings on one of the dozens of performance measures used by the Centers for Medicare & Medicaid Services ("CMS") to calculate the Medicare Part C and D Quality Star Ratings for 2025. *See* ECF

1

No. 1. A detailed description of the Medicare program and the Star Ratings system is found in Defendants' cross-motion for summary judgment filed contemporaneously with this opposition. *See* ECF No. 15 at 4-11. Plaintiffs claim they should have received a higher score on a performance measure known as "Call Center–Foreign Language Interpreter and TTY Availability," which assesses how well a health plan's call center processes calls from Medicare enrollees who have limited English language proficiency or hearing or speech disabilities.

To avoid additional motion practice on a threatened request for preliminary injunctive relief and to accommodate Plaintiffs' request for expedited resolution, Defendants agreed to an expedited briefing schedule requiring them to compile, certify, and produce—within days of learning of the complaint—an administrative record consisting of the "documents and information CMS considered in connection with the decision at issue in this litigation." ECF No. 10. CMS produced the administrative record to Plaintiffs' counsel on October 8, 2024. To avoid unnecessary litigation, Defendants also helped accommodate Plaintiffs' request to expedite a release under the Freedom of Information Act ("FOIA") of over 200 pages of records relating to administrative proceedings before CMS in a Star Ratings dispute involving a different health insurance company, Elevance.

On October 15, 2024, Plaintiffs filed their motion for summary judgment arguing that CMS's decision not to invalidate one of the test calls to their call center was arbitrary and capricious because it allegedly violated CMS's own standards and treated Plaintiffs differently than Elevance. *See* ECF No. 12. Plaintiffs simultaneously moved to supplement the administrative record with two documents that were not part of the administrative record in this case. *See* ECF No. 13. The first is an excerpt of the training manual used to train interviewers on how to conduct foreign-language test calls, which Plaintiffs suggest show that the interviewer did not follow the

proper protocol during the challenged call. The second document is the decision from the Elevance administrative appeal of a different type of test call, which Plaintiffs claim shows that CMS failed to treat the challenged call in this case like the agency has treated similar calls in the past.

## LEGAL STANDARD

In general, courts review agency action "based on the full administrative record that was before the Secretary at the time he made his decision." *Citizens to Preserve Overton Park*, 401 U.S. at 420. "Supplementation of the administrative record is not allowed unless the moving party demonstrates 'unusual circumstances justifying a departure' from the general presumption that review is limited to the record compiled by the agency." *Medina County Environmental Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010) (quoting *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008)). Among the circumstances where "supplementation *may* be permitted" is where "the district court needed to supplement the information with 'background information' in order to determine whether the agency considered all the relevant factors." *Id.* (emphasis added). To satisfy this exception, the documents in question must do more than raise nuanced points about a particular issue; it must point out an entirely new general subject matter that the agency failed to consider." *Tex. Bankers Ass'n v. CFPB*, Civ. A. No. 7:23-cv-144, 2024 WL 3939598, at *4 (S.D. Tex. Aug. 26, 2024).

## ARGUMENT

This Court should deny Plaintiffs' motion to supplement because Plaintiffs have not shown any unusual circumstances justifying a departure from the ordinary rule that judicial review is limited to the administrative record before the agency. As explained below, Plaintiffs have not shown that either document addressed "an entirely new general subject matter that the agency

3

failed to consider." *Tex. Bankers Ass'n*, 2024 WL 3939598, at *4. To the contrary, the documents concern events and issues CMS already considered and rejected.

First, Plaintiffs argue that the administrative record should be supplemented with the interviewer training manual to show that the interviewer "failed to follow the detailed procedures to ensure accuracy of their determination."[1] Mot. to Suppl. at 4. But the administrative record already contains extensive evidence of CMS's protocols in the form of the Medicare Part C & D Call Center Monitoring Accuracy and Accessibility Study Technical Notes (AR1-32) and CMS's annual memorandum providing further guidance on how CMS monitors call center performance and how MAOs can prepare for the monitoring study (AR33-44). Plaintiffs do not explain how the training manual differs materially from those guidance documents—much less that it "point[s] out an entirely new general subject matter that the agency failed to consider." *Tex. Bankers Ass'n*, 2024 WL 3939598, at *4.

Second, Plaintiffs claim that the Elevance decision shows that CMS "ruled differently in Elevance's case despite the distinct similarities between the cases and Defendants' inability to accurately assign blame." Mot. to Suppl. at 4. But the document does not raise a new matter relevant to this litigation. Indeed, Plaintiffs already argued that one of their own invalidated calls from 2022 established the same precedent they now attribute to the Elevance decision—i.e., that "a call will not be held against a plan unless there is evidence that the call failed due to actions of

---

[1] While not relevant to the issue of supplementation, the training manual would not assist the Court in resolving the issues here. Plaintiffs cite it to show the proper procedure when it appears to an interviewer that the customer service representative cannot hear them. But as Defendants showed in their cross-motion for summary judgment, the opposite happened here: the interviewer did not hear a customer service representative. *See* ECF No. 15 at 13-14. Plaintiffs also claim the manual bars interviewers from speaking in English. But Defendants showed in their cross-motion that it is not clear the interviewer did so, and even if he did, the interviewer selected "6" for French in the call center's interactive voice response system and it would not be unusual or confusing for a French-speaking Medicare beneficiary living in the United States to say "hello." *Id*. at 15.

the plan."[2]  AR85.  CMS noted that the 2022 call "was invalidated due to conflicting disconnect directions, [which] is not what occurred here," and explained that the precedent did not apply because "[w]e have no indication of audio issues with this call, or others placed by this interviewer."  AR75.  Based on this record, Plaintiffs cannot show that CMS failed to consider the "general subject matter" of the Elevance call in rendering its decision, and thus the Elevance decision does not constitute background information justifying supplementation of the record.  *See Oceana v. Ross*, 545 F. Supp. 3d 62, 70-71 (D.D.C. 2020) (where agency considered issue, supplementation is not appropriate).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion to supplement.  In the alternative, if the Court were to order supplementation, Defendants respectfully request that, for completeness, the Court include the complete set of documents from the Elevance administrative appeal, as released to Plaintiffs via their FOIA request.

Respectfully submitted,

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

*/s/ James G. Gillingham*
JAMES G. GILLINGHAM
Texas State Bar No. 24065295
james.gillingham@usdoj.gov
110 N. College, Suite 700
Tyler, TX 75702
(903) 590-1400
Fax: (903) 590-1436

*Counsel for Defendants*

---

[2] Again, while not relevant to supplementation, the Elevance decision would not assist the Court in resolving the issues here because the audio recording and the interviewer's contemporaneous call notes definitively prove that the call center and/or customer service representative were to blame for the failed test call.  *See* ECF No. 15 at 17.

## CERTIFICATE OF SERVICE

  I hereby certify that on October 30, 2024, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to all known counsel of record via the Court's electronic filing system.

                */s/ James G. Gillingham*
                JAMES G. GILLINGHAM
                Assistant United States Attorney