IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITEDHEALTHCARE BENEFITS OF TEXAS, INC., ET AL., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 6:24-cv-357-JDK |
| CENTERS FOR MEDICARE & MEDICAID SERVICES, ET AL., | § § § § § | |
| Defendants. | | |

**ORDER GOVERNING SEALED FILINGS**

The Court previously granted an expedited summary judgment briefing schedule allowing the parties to file all briefs and administrative record materials provisionally under seal, with redacted public filings and motions to file under seal to be submitted by November 21, 2024.  Docket No. 11.

The Fifth Circuit "heavily disfavor[s] sealing information placed in the judicial record."  *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022).  "Judicial records belong to the American people; they are public, not private, documents."  *Id.* at 519 (quoting *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021)).  Before sealing judicial records and blocking public access, courts must engage in a strict balancing test evaluating the public's common law right of access against the interests favoring nondisclosure.  *Id.* at 521.  This is a "document-by-document, line-by-line" analysis.  *Id.* (cleaned up).

1

In light of the expedited nature of the proceedings and the upcoming public hearing on November 18, 2024, the Court **ORDERS** the parties to submit redacted, unsealed versions of all sealed filings by **November 14, 2024**. The Court further **ORDERS** the parties to file a motion to seal or to redact certain text by **November 14, 2024**, explaining "document-by-document" and "line-by-line" why nondisclosure outweighs the public's common law right of access for all sealed documents or redacted text.

So **ORDERED** and **SIGNED** this **31st** day of **October, 2024.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE